# MANHATTAN LAND CORPORATION

## vs.

# THE NEW BALTIMORE LOAN AND SAVINGS ASSOCIATION.

*Foreclosure of Mortgage—Breach of Covenants.*

A mortgagor's failure to make payments as provided in the mortgage, and to keep the improvements upon the property insured, *held* to justify a foreclosure, in view of the provisions of the mortgage. p. 531

There being a default in the covenants and conditions of the mortgage, there was a right to foreclose, and that the mortgagee had not paid over the entire amount of the loan secured by the mortgage was immaterial in this regard. p. 532

*Decided May 14th, 1921.*

Appeal from the Circuit Court of Baltimore City (STAN-TON, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Albert Ecke* and *Alexander Preston,* for the appellant.

*John H. Richardson,* with whom was *Geo. Washington Williams* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the court.

In this case one Clarence C. Tracey opened negotiations with the appellant, the Manhattan Land Improvement Corporation, for the purchase of three lots of land at Mt. Washington, in the City of Baltimore, upon which he wished to erect three houses, each to cost six thousand five hundred dollars, should he become the purchaser thereof.

The appellant offered to sell to him the said three lots at and for the sum of three thousand five hundred dollars. Tracey, however, had no money with which to purchase them or with which to erect the houses thereon, but the appellant agreed that if he could borrow the sum of nineteen thousand five hundred dollars, the aggregate cost of the said three houses, by giving a first mortgage on said lots to secure the payment of said loan, it would accept from him a second mortgage thereon to secure the payment of the purchase money.

Tracey procured the loan of nineteen thousand and five hundred dollars from the New Baltimore Building and Loan Association, through its attorney, John H. Richardson, upon the terms and in the manner stated above, with the understanding, however, that the sum so borrowed should be expended solely in the erection of said houses; and, to be assured that it would be so expended, it was agreed between Tracey and Richardson that the money should be deposited with the association, to be used as needed in the payment of the costs of the building of said houses, and that its withdrawal from the association should be subject to the control and supervision of Richardson.

The above provision was essential to the security of both the appellant and appellee.

The appellant was to convey its property to Tracey without receiving any part of the purchase money in cash, the payment of the whole of which was to be secured by a mortgage subject to a mortgage to the appellee for an amount five times as great as the purchase price of said lots. Consequently it was absolutely essential to the security of both that the money that was to be loaned by the appellee to Tracey should be expended in the erection of said houses, thereby increasing the value of the mortgaged premises.

In accordance with the arrangement so made, in which the appellee, as well as Tracey and the appellant, was involved, the said lots of land were conveyed by the appellant to Tracey, and on the 22nd day of November, 1919, Tracey and his wife

executed unto the said building and loan association three
mortgages, one on each of said lots, and each for the sum of
six thousand five hundred dollars; and upon the same day he
and his wife executed to the appellant a mortgage on said three
lots for the sum of three thousand and five hundred dollars,
being the whole amount of purchase money therefor, the same
being, as therein stated, subject to the aforesaid mortgages to
the appellee.

On the 13th day of July, 1920, Tracey, the mortgagor, hav-
ing defaulted in the covenants and conditions in his mortgage
to the appellee, as claimed by it, foreclosure proceedings were
instituted for the sale of said mortgaged premises.

On the 5th day of August the appellant filed its petition, in
which it alleged that there had been no default in any of the
covenants or conditions of said mortgage, and asked that an
injunction be granted restraining John H. Richardson, trus-
tee, from selling said mortgaged property, but before any hear-
ing thereon was had, this petition was dismissed without prej-
udice, upon the agreement, and at the request of, the counsel
of the appellant and the trustee.

A sale of the property was then made to Charles Raith and
reported to the court by said trustee and thereafter, on the
10th day of September, the appellant filed its exceptions to
the ratification of such sale, alleging certain facts from which
it was charged, as in its petition previously filed asking for
an injunction, that there had been no default in the covenants
and conditions of the mortgage.

Evidence was taken and a hearing had upon the exceptions
so filed, and at the conclusion of same the court passed its
order on the 2nd day of October, 1920, dismissing or overrul-
ing such exception and ratifying and confirming the sale. It
was from that order that the appeal in this case was taken.

There is but one question presented by the appeal for our
consideration and that is, was there a default in the covenants
and conditions of the mortgage by reason of which the mort-
gagee was authorized to foreclose the same by a sale of the
mortgaged premises. This question, we think, upon the facts

disclosed by the record, must be answered in the affirmative.

By the mortgage from Tracey to the appellee, the building and loan association, Tracey not only covenanted to pay weekly certain sums of money as dues, interest and premiums, but he also covenanted therein that he would keep the improvements on said mortgaged property insured; and the mortgage provided that, upon default in any of said covenants and conditions, a decree might be passed for the sale of said property.

The evidence disclosed that Tracey was able for a short time only to meet the required payments, and thereafter he got others to make them for him, until some date in March, 1920, when such payments ceased altogether. But in addition to his failure to meet the payments required by him under the mortgage, he also failed to keep the improvements upon the property insured as he had covenanted to do. This was clearly a default in the covenants and conditions of the mortgage authorizing a foreclosure of the same. *Walker* v. *Cockey,* 38 Md. 75.

It was claimed by the appellant that the entire amount of the loan secured by the mortgage from Tracey to the appellee never passed from the appellee. If such fact be true, it does not, upon the facts of this case, affect the right of the mortgagee to foreclose the mortgage, there being, as we have said, a default in the covenants and conditions therein contained; but it may be that such fact should be considered in the distribution of the proceeds of sale.

From what we have said, the order appealed from will be affirmed.

*Order affirmed, with costs.*